**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DONALD KULINSKI,
Plaintiff-Appellant,

v.

MARVIN RUNYON, Postmaster
General, United States Postal
Service,
Defendant-Appellee.

No. 95-1397

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Edward S. Northrop, Senior District Judge.
(CA-93-2959-N)

Argued: November 1, 1995

Decided: January 30, 1996

Before NIEMEYER, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Mercedes Casado Samborsky, Joppatowne, Maryland, for
Appellant. Joseph Lee Evans, Assistant United States Attorney, Balti-
more, Maryland, for Appellee. **ON BRIEF:** Lynne A. Battaglia,
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Donald Kulinski, a 51-year-old Vietnam war veteran with a history of schizophrenia and paranoia, began working for the United States Postal Service in 1973. In 1988, he was discharged from the Postal Service for talking loudly to himself. He sued the Postal Service, alleging that he had been fired because of his mental disabilities in violation of the Rehabilitation Act of 1973. Resolving their differences, the parties entered into a settlement agreement that included Kulinski's reinstatement as a full-time letter carrier.

Less than a year later, the Postal Service received several complaints about Kulinski's job performance and his treatment of customers. At about the same time, Kulinski's supervisor observed Kulinski talking loudly to himself about a variety of subjects, including mass murder and armor piercing ammunition. As a precaution, Kulinski's supervisor summoned the Baltimore County Police and the United States Postal Inspectors, and subsequently, he ordered Kulinski to undergo a Fitness for Duty examination at the United States Postal Service medical office.

As part of this examination, Kulinski provided a urine sample. The sample tested positive for morphine. Kulinski denied using drugs and demanded a retest of his sample at a different lab. The sample was retested by the same company that tested it originally, and the retest confirmed the initial positive test. Thereafter, Kulinski underwent voluntary weekly drug testing, and none of his later samples tested positive for any controlled substances.

The Postal Service notified Kulinski that it intended to terminate him for his illegal use of drugs and thereafter participated in negotiations with Kulinski's union in an attempt to find an alternative to termination. The Postal Service proposed several alternatives, all of

2

which would have allowed Kulinski to keep his job on the condition that he participate in the Employee Assistance Program. Kulinski rejected all offers, and the Postal Service terminated his employment.

Kulinski filed this action in the district court, alleging that he was discharged as a result of unlawful age discrimination and in retaliation for his having filed the first complaint under the Rehabilitation Act. The district court granted the Postal Service's motion for summary judgment, and this appeal followed.

We have carefully reviewed the record in this case and considered the arguments of counsel presented both in their briefs and at oral argument. For the reasons adequately given by the district court, <u>Kulinski v. Runyon</u>, Civil Action No. N-93-2959 (D. Md. Feb. 8, 1995), we affirm.

<u>AFFIRMED</u>

3